398 S.E.2d 116

**Paul SATTERFIELD and Roy Weese, Trustees of Trinity Assembly of God**

v.

**McWHORTER ADVERTISING II, INC., a Corporation.**

**No. 19036.**

Supreme Court of Appeals of West Virginia.

July 20, 1990.

David R. Janes, Tharp, Liotta & Janes, Fairmont, for Paul Satterfield and Roy Weese.

Paul E. Parker, Jr., Fairmont, Roger J. Morgan, Young, Morgan & Cann, Clarksburg, for McWhorter Advertising II, Inc.

BROTHERTON, Justice:

The appellants, Paul Satterfield and Roy Weese, are Trustees of Trinity Assembly of God ("Trinity"), a church located in Fairmont, West Virginia. The appellants now appeal an order entered on July 18, 1988, by the Circuit Court of Marion County, in which Judge Fred Fox incorporated the rulings made in an opinion letter dated June 28, 1988, and denied the appellants' request for injunctive relief.

The appellee, McWhorter Advertising II, Inc. ("McWhorter"), is engaged in outdoor advertising in West Virginia. On October 26, 1983, McWhorter entered into a twenty-year lease with Richard Harbert. Under the terms of the lease, McWhorter rented property from Harbert upon which he intended to install an outdoor advertising structure. Following application and an on-site inspection held on January 9, 1984, the West Virginia Department of Highways (DOH) issued two outdoor advertising permits to McWhorter on January 17, 1984.

On February 5 and 6, 1984, McWhorter erected a single pole steel advertising structure on the property. Harbert subsequently complained to McWhorter that the tenant of an adjacent building owned by Harbert did not like the sign. On August 22, 1984, Harbert himself hired a crane company from Pennsylvania to come to the site, hook a crane to the sign, cut the steel single pole with a welding torch, and then lay the sign and the pole on the ground beside its base. As a result of this action, McWhorter filed suit against Harbert in the Circuit Court of Marion County, and Harbert countersued McWhorter for damages. A jury subsequently found that neither party was entitled to recovery.[1]

Trinity Church acquired three adjoining parcels of real estate adjacent to the right of way of Interstate 79 in Marion County,

---

1. According to Judge Fox's June 28, 1988 opinion letter, after the jury verdict was returned, the court appointed a commissioner and "made efforts to establish a location for the re-erection of McWhorter's sign." Judge Fox pointed out, however, that "[t]hese efforts were notable only by their total lack of success."

West Virginia, in December, 1986. The first is a twenty-nine-acre parcel on which the church intended to construct an entirely new church facility. The second parcel contains a building in which the church conducts services several times a week for approximately 200 participants in its youth ministries program. The third parcel acquired by Trinity is a smaller, unimproved parcel which the youth church uses as a parking lot.

On or about August 6, 1987, Trinity became aware that McWhorter was preparing to erect an outdoor advertising sign near Trinity's third parcel, the parking lot for the youth church. Because the area was located within 500 feet of Trinity's youth church, and because McWhorter did not have a permit from the West Virginia Department of Highways to erect a billboard at this location, Trinity obtained an immediate temporary restraining order and filed this civil action seeking a permanent injunction.

On October 20, 1987, Judge Fox ruled that McWhorter's lease was valid and enforceable and McWhorter could erect its sign at any place including or between 2310+66 and 2311+75, numbers representing identification markers utilized by the DOH. However, Judge Fox emphasized that, in spite of this ruling, McWhorter would have to obtain a permit from the DOH if the sign was placed anywhere other than 2311+75, as 2311+75 was the specific location previously designated by the original permit from the DOH. McWhorter re-erected the sign not at 2311+75, but at 2311+00, which is seventy-five feet closer to Trinity's property. Rather than getting a new permit, McWhorter had the original permit revised by the DOH to conform to the new location, which was actually the same "old" location in which the sign had previously been erected before it was cut down in 1984.

At a subsequent hearing, Trinity requested that Judge Fox strike down the revised permit as illegal and order McWhorter to remove its new sign. Officials from the DOH testified that they modified the original permit because they believed McWhort-

er's representations to them that they were required to do so by Judge Fox's court order. In an opinion letter dated June 28, 1988, Judge Fox indicated that "no such order was ever entered." Judge Fox acknowledged that the revision of the original permit resulted from a mistake of fact by the DOH. However, he refused to grant Trinity's request that the sign be removed, reasoning that "the legality of the Department of Highways' action in revising the permit is not for this court's determination."

Trinity states that, although the sign is not on their property, the point at which the sign is now located, 2311+00, is within 500 feet of their youth church, and McWhorter had no permit to erect a billboard at that location even before the property was acquired by Trinity and utilized as a youth church. Thus, on appeal Trinity now argues that the circuit court erred in refusing to permanently enjoin McWhorter from placing an outdoor advertising sign within 500 feet of appellant's church and in failing to overrule the DOH's revision of the original outdoor advertising permit, a revision that Trinity states was based either upon a mistake of fact or McWhorter's fraudulent misrepresentation.

In support of its position, Trinity cites W.Va.Code § 17–22–4(10) (1986), which provides that "[n]o advertising sign ... shall be erected ... within five hundred feet of any church," and W.Va.Code § 17–22–15(a) (1986), which requires a person to obtain a permit from the Department of Highways prior to the construction or erection of any advertising sign or display. Because McWhorter's original outdoor advertising permit for location 2311+75 predated Trinity's acquisition of the adjoining property, Trinity concedes that it took its property subject to the original lease and would have no right to an injunction if McWhorter had placed the sign at the location originally permitted. However, because the permit was revised to 2311+00 after Trinity acquired the property, Trinity argues that the revision should comply with all statutory requirements. When the permit was revised in November, 1987, Trinity operated a church within 500 feet of the location indi-

cated in the revised permit. Therefore, Trinity contends that the revised permit was issued in violation of the statute.

To counter Trinity's arguments, McWhorter states first that the original permit was at all times in full force and effect and that Judge Fox only ordered McWhorter to get a new permit if the sign was re-erected in a location other than the location stated in the old permit, and the same result was effected by revising the original permit. McWhorter points out that the sign was re-erected in precisely the same place as it had been erected originally, which was always a location other than that which the permit stated.

We agree with McWhorter that the original outdoor advertising permit was valid. However, mistakenly or otherwise, McWhorter chose to place its billboard structure at a location other than that which was approved by the DOH's original permit. McWhorter claims that the DOH was aware of the discrepancy and "acquiesced" to the sign being placed at 2311+00 rather than 2311+75. Actually, there is no evidence that the DOH did in fact know that the sign was in the wrong location. Nevertheless, for whatever reason, the DOH mistakenly believed that it had been directed by the circuit court to modify McWhorter's original permit so that it would conform to the location at which the sign was placed. Because it did not comply with statutory requirements, such a revision should not have occurred.

That portion of the West Virginia Code which regulates outdoor advertising is found in Article 22, Chapter 17.[2] West Virginia Code § 17–22–15(e) (1986) authorizes the commissioner of the DOH to make an administrative order revoking any advertising permit if the permit is based on information provided in the permit application which the applicant knew to be either false or misleading. McWhorter correctly states that by the express terms of this statute, the effect of providing false or misleading information on a permit application is to trigger notice to the permittee that the commissioner will take action in accordance with the appropriate statutory procedure and revoke the permit if correct information is not supplied within thirty days.

However, we do not believe that the administrative remedy provided by W.Va. Code § 17–22–15(e) is applicable in this case. There is no evidence that McWhorter supplied either false or misleading information upon initially applying to the DOH for an outdoor advertising permit. Problems arose simply because McWhorter did not put the sign where it was permitted to do so and because the DOH later revised the original permit so that it would conform to the actual placement of the sign.

However, this placement at 2311+00 had never before been approved by the DOH and was within five hundred feet of Trinity's church facility, in direct contravention of W.Va.Code § 17–22–4(10) (1986), which states that "[n]o advertising sign shall be erected ... within five hundred feet of any church ..." West Virginia Code § 17–22–22 (1986) provides further that "[t]he erection or maintenance of any outdoor advertising sign, display, or device in violation of any provision of this article is hereby declared to be a public nuisance...."

On October 20, 1987, Judge Fox warned McWhorter that it would have to obtain a new permit if the sign was placed anywhere other than the approved location 2311+75. McWhorter did not heed this warning, however, and for a second time the billboard was placed in a location other than that granted by the permit. Had McWhorter gone through the application procedure required in W.Va.Code § 17–22–15 and attempted to get a new permit for 2311+00, rather than simply getting the original permit revised, this Court doubts that it would have succeeded in obtaining a new permit, in light of the proximity of location 2311+00 to Trinity's facilities. Under the particular circumstances of this case, the DOH's revision of the permit resulted in a clear violation of W.Va.Code § 17–22–4(10).

**2.** *See also,* 11 *West Virginia Code of State Rules* § 157–6–7 (eff. Jan. 1, 1983).

As we noted above, Trinity concedes that because McWhorter's original permit to place a billboard on the property leased from Harbert at location 2311+75 predated Trinity's acquisition of the adjoining property, Trinity took its property subject to the original lease and would have no right to injunctive relief if McWhorter had placed the sign at this location. The location contained in the original permit, 2311+75, is the only place where McWhorter has been granted the right to erect an outdoor advertising structure, and, therefore, the sign must be removed from 2311+00.

This case is remanded to the Circuit Court of Marion County for proceedings consistent with this opinion.

Remanded with directions.